UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI GHADERSOHI,

                             Plaintiff,

      v.                                    **DECISION AND ORDER**

HEALTH RESEARCH, INC. and
ROSWELL PARK CANCER INSTITUTE,                  09-CV-689S

                            Defendants.

## I. INTRODUCTION

Plaintiff, proceeding *pro se*, commenced this action on or about July 20, 2009, by filing a complaint in New York State Supreme Court, County of Erie. He asserts claims for breach of contract (Docket No. 1-2, ¶¶ 14, 15), and discrimination and retaliation relating to his employment (¶¶ 11, 13, 17). Defendants removed the action to this Court on July 31, 2009, based on federal question jurisdiction.

Presently before the Court are Defendant Roswell Park Cancer Institute's ("RPCI") Motion to Dismiss (Docket No. 8), and Plaintiff's "Motion[s] Breach the Agreement," both of which are asserted against RPCI only (Docket Nos. 27 and 39). All motions are fully briefed and the Court finds oral argument is not necessary. For the reasons stated below, Plaintiff's motions are denied, and RPCI's motion is granted.

## II.  DISCUSSION

**A.      Plaintiff's Motions**

Plaintiff had and has several actions pending in this Court against one or both of the Defendants here.  The first action, 08-CV-355, was brought against both Defendants and was resolved by Confidential Settlement Agreement (the "Agreement").  This current suit is predicated on an alleged breach of that Agreement.  After the action was removed to this Court, Plaintiff filed two motions claiming that RPCI engaged in subsequent conduct that gave rise to additional breaches.

The first motion, filed on October 22, 2009, alleges that RPCI breached the Agreement's confidentiality provision when it attached a copy of the Agreement to its Notice of Removal filed on July 31, 2009.  (Docket No. 27.)  On October 22, 2009, Plaintiff filed this very same motion in 08-CV-355, at Docket No. 91.  Upon full consideration, this Court denied the motion (08-CV-355, Docket No. 109), and Plaintiff's duplicative motion here likewise is denied.

The second motion, filed on October 28, 2009, alleges that RPCI had its attorney issue Plaintiff a letter, the content of which violates the Agreement.  (Docket No. 39.)  On October 28, 2009, Plaintiff filed this very same motion in 08-CV-355, at Docket No. 96.  Upon full consideration, this Court denied the motion (08-CV-355, Docket No. 109), and Plaintiff's duplicative motion here likewise is denied.

Plaintiff hereby is cautioned that inundating the Court and opposing counsel with duplicative filings may result in sanctions.

**B.     RPCI's Motion to Dismiss**

Read in the light most favorable to Plaintiff, his Complaint asserts claims for breach of contract and for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.*, and the New York State Human Rights Law ("HRL"), N.Y. Exec. Law §§ 290 *et seq.*

   **1.     *Standard of Review***

Federal pleading standards are generally not stringent.  Rule 8 requires only a short and plain statement of a claim.  FED. R. CIV. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  Legal conclusions, however, are not afforded the same presumption of truthfulness.  *See* Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable

inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* at 1950; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint. First, statements that are not entitled to the assumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. *See* Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." *Id.*

### 2. *The Breach of Contract Claim*

Only RCPI is alleged to have breached the Agreement.[1] (Docket No. 1-3, ¶¶ 14-17.) It moves to dismiss the claim on two grounds: (1) this Court does not have subject matter jurisdiction over Plaintiff's claim for monetary damages, and (2) the claim is barred by *res judicata*. The Court must first consider whether it has jurisdiction to entertain Plaintiff's claim.

RPCI is a public benefit corporation created pursuant to New York Public Authorities Law (§§ 3550 *et seq.*), and New York's Court of Claims has exclusive jurisdiction over breach of contract claims brought against it, *id*. § 3567(6) ("All actions or proceedings against [RPCI] for breach of contract, express or implied, . . . shall be brought in the court

---

[1] Although the Complaint is brought against Health Research Institute, as well, all allegations against that entity involve conduct that pre-dates the Agreement.

of claims."). The Court of Claims, in turn, is a court of limited jurisdiction. Its primary jurisdiction "is limited to actions seeking money damages against the State in appropriation, contract or tort cases." McGuinness v. New York State Workers' Compensation Bd., 41 A.D.3d 557, 557-58 (2d Dep't 2007) (citations omitted). The court has "no jurisdiction to grant strictly equitable relief" of the kind Plaintiff pursued in 08-CV-355, Psaty v. Duryea, 306 N.Y. 413, 416-17 (1954), but it may grant incidental equitable relief so long as the primary claim seeks to recover money damages, City of New York v. State of New York, 46 A.D.3d 1168, 1169 (3d Dep't 2007). The threshold question, then, is "[w]hether the essential nature of [Plaintiff's] claim is to recover money, or whether the monetary relief is incidental to the primary claim." Madura v State of New York, 12 A.D.3d 759, 760 (3d Dep't 2004), *lv. denied*, 4 N.Y.3d 704 (2005).

RPCI urges that, even under the most favorable reading, Plaintiff's Complaint seeks monetary relief only. The first paragraph states that: "This is a proceeding for recovering of damages for Defendant's common law breach the agreement and destroyed whole plaintiff career." (Docket No. 1-3 ¶ 1.) And the Complaint concludes by demanding "judgment against defendant in the sum of $500,000." (*id.*, wherefore clause.) There is no express request for equitable relief and RPCI argues that, as a result, neither this Court, nor the New York State Supreme Court from which the case was removed, has subject matter jurisdiction.

Plaintiff, who commenced this action *pro se*, retained counsel prior to responding to RPCI's motion. Through counsel, Plaintiff filed a declaration in which he concedes that the Court of Claims has jurisdiction over claims for monetary damages. However, he goes on to state that "Plaintiff is seeking equitable relief. Plaintiff wants him [sic] Materials back

so he continue with research." (Docket No. 43 ¶ 29.)

This Court finds Plaintiff's statement insufficient to establish federal jurisdiction over his breach of contract claim against RPCI. First, if Plaintiff truly wished to revise his claim for relief, he could have and should have filed an amended complaint in response to RPCI's motion.[2] He chose not to do so. Moreover, Plaintiff has not withdrawn his request for monetary relief; he simply declares he also seeks equitable relief. Not only does his declaration contradict a plain and generous reading of his Complaint, but Plaintiff's belated assertion, if accepted, would not alter the conclusion that the "essential nature" of his claim is to recover $500,000 in damages. Any equitable relief would be incidental. As such, exclusive jurisdiction rests with New York's Court of Claims.

The Second Circuit has concluded that, where a state agency waives its immunity from liability and consents to suit exclusively in New York's Court of Claims, a plaintiff is without a remedy in a New York State Court, Trotman v. Palisades Interstate Park Com., 557 F.2d 35, 39 (1977), or in a federal court, Gross v. New York, No. 08-CV-00527, 2009 U.S. Dist. LEXIS 27440, at *7-8 (N.D.N.Y. Mar. 31, 2009), *aff'd*, No. 09-1741-CV, 2011 U.S. App. LEXIS 13133 (June 27, 2011). As in the foregoing cases, Plaintiff commenced this action in a court that did not have jurisdiction over this claim. In such a circumstance, RPCI's removal to another court that also is without jurisdiction can in no way be viewed as a waiver. Thus, dismissal of Plaintiff's breach of contract claim is warranted on the ground that this Court lacks subject matter jurisdiction.

---

[2] Although Rule 15(a) of the Federal Rules of Civil Procedure now places a time limitation on amendments as a matter of course following the filing of a Rule 12(b) motion, this limitation did not exist at the time RPCI filed its motion. Even were the revised Rule applicable, Plaintiff still could have moved for leave to file an amended pleading.

6

Plaintiff argues that, if this Court finds it lacks jurisdiction here, then it must vacate its decision on his motion to enforce in 08-CV-355, because it lacked jurisdiction there, as well.  This argument is rejected.   As noted in 08-CV-355, Docket No. 62 at 3, the Court had ancillary jurisdiction over Plaintiff's motion to enforce the Agreement because, in "So Order[ing]" the parties' Stipulation of Dismissal, it expressly agreed that "This Court shall retain jurisdiction over this [federal discrimination] action for purposes of *enforcing* the terms of this underlying Settlement Agreement."  (08-CV-355, Docket No. 45 (alteration added and emphasis supplied).)  Plaintiff confirmed in his motion for reconsideration (08-CV-355, Docket No. 70 ¶ 2) that he was then seeking equitable relief <u>only</u>—*i.e.*, relief that he could not obtain in the Court of Claims.  There are distinct jurisdictional bases for Plaintiff's motion to enforce and this separate claim for damages, and Plaintiff has offered no ground for his assertion that they are subject to an identical jurisdictional analysis.

  3.  *The Title VII Claim*

Prior to commencing this action, Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("DHR") in which he alleged that Defendants Health Research, Inc. ("HRI") and RPCI retaliated against him.  (Docket No. 1-4. at 2-5.)  The DHR dual-filed Plaintiff's complaint with the United States Equal Employment Opportunity Commission ("EEOC"), where it was assigned Federal Charge No. 16GA903071.  (*Id*. at 2.)  On April 27, 2009, the DHR concluded that Plaintiff was essentially alleging a breach of contract arising from a private agreement, and the matter was outside the Division's jurisdiction.

Plaintiff later filed the instant Complaint alleging that: he is entitled under the Agreement to certain material critical to his research, he was unable to identify some of

7

that material, and, "[o]bviously, RPCI breached the Settlement Agreement and continue discrimination (Retaliation)." (Docket 1-3 ¶¶ 14-15, 17.)

RPCI initially moved to dismiss the Title VII claim for Plaintiff's failure to exhaust administrative remedies and failure to state a claim for relief. Thereafter, Plaintiff obtained from the EEOC a Dismissal and Notice of Suit Rights, and RPCI withdrew its first ground for dismissal. Therefore, the Court need only consider whether Plaintiff states a claim for relief.

To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging him; and (3) there exists a causal connection between the protected activity and the adverse action. Drumm v. SUNY Geneseo College, No. 10-CV-6427, 2011 U.S. Dist. LEXIS 52929, at *2 (W.D.N.Y. May 17, 2011) (citing Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007)).

Here, Plaintiff alleges that his employment was terminated on April 30, 2008, and that he and Defendants entered into a Confidential Settlement Agreement effective January 23, 2009. (Docket No. 1-3 ¶¶ 13-14 and Ex. 10.) Plaintiff conclusorily alleges that RPCI later retaliated against him by breaching the Agreement. However, he has not identified any complaints he made to his employer about unlawful discrimination, nor has he identified any adverse employment action taken against him. Because the alleged breach occurred well after Plaintiff was terminated, there is no reasonable inference, on these facts, that RPCI's purported conduct constituted an adverse employment action. In short, Plaintiff's allegations, accepted as true, do not tend to show that he engaged in any protected activity or that he was treated adversely in his employment.

In its motion, RCPI notes that certain of Plaintiff's allegations predate the Agreement—to wit, that HRI restricted Plaintiff's ability to publish his data and then terminated him. (*Id.* ¶¶ 11, 13.) RCPI urges that, to the extent these allegations can broadly be read as involving it, as well as HRI, any claims Plaintiff may have had on and before January 23, 2009 are now barred by the terms of the parties' Agreement. (*Id*. Ex. 10, ¶ 4 general release.) I agree that the Agreement's release language is unambiguous, and that Plaintiff's Title VII claim in this action is thereby limited to conduct occurring after January 23, 2009—*i.e.*, to RPCI's allegedly retaliatory breach of the Agreement. As already determined, that factually unsupported allegation is not sufficient to state a retaliation claim that is plausible on its face.

In response, Plaintiff simply states that his retaliation claim is sufficiently pled, and that if the Court should find otherwise, he will move to amend his complaint.[3] He then declares that his claim has merit "because Defendants engaged in a calculated scheme to retaliate against Plaintiff because he threaten Dr. Li that he would go to the authorities because Dr. Li applied for a patent that was based on Plaintiff's incomplete research." (Docket No. 43 ¶ 39.) The addition of this proposed allegation, which does not go to any element of a retaliation claim, would not be sufficient to cure the pleading deficiencies.

Accordingly, Plaintiff's Title VII claim against RPCI is dismissed, with prejudice. Although HRI chose to answer the Complaint rather than move for dismissal, the inevitable conclusion here is that Plaintiff's Title VII claim must be dismissed as a matter of law as against HRI as well.

---

[3] As previously noted, at the time RPCI filed its motion, Plaintiff could have amended as of right, but chose not to do so.

### 4. *The Human Rights Law Claim*

Having disposed of Plaintiff's federal claim, this Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state HRL claim. *See* 28 U.S.C. § 1367(c)(3).

The United States Supreme Court has instructed that courts ordinarily should decline to exercise supplemental jurisdiction in the absence of federal claims. *See* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view; where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); *see also*, Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."); Powell v. Gardner, 891 F.2d 1039, 1047 (2d Cir. 1989) ("in light of proper dismissal of the § 1983 claim against the County, the district court should have declined to exercise pendent jurisdiction over Powell's state-law claims against the County").

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's HRL claim and will dismiss it without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

For all of the reasons stated above, Plaintiff's motions alleging breaches of the Agreement are denied, and RCPI's motion to dismiss is granted.  Because Plaintiff's breach of contract and Title VII claims are subject to dismissal as a matter of law, their dismissal runs to HRI as well.  The Court declines to exercise jurisdiction over Plaintiff's remaining HRL claim, which is dismissed without prejudice.

### IV.  ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion Breach the Confidential Agreement (Docket No. 27) is DENIED.

FURTHER that Plaintiff's Motion Breach the Agreement (Docket No. 39) is DENIED.

FURTHER that Defendant Roswell Park Cancer Institute's Motion to Dismiss (Docket No. 8) is GRANTED.

FURTHER that Plaintiff's Complaint is dismissed in its entirety, for the reasons stated above, and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:    September 25, 2011
          Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court