UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALI GHADERSOHI,

                           Plaintiff,                      **DECISION AND ORDER**

      v.

                                                           09-CV-689S(Sc)

HEALTH RESEARCH, INC. and
ROSWELL PARK CANCER INSTITUTE,

                           Defendants.

---

1.      On or about July 20, 2009, Plaintiff filed a complaint in New York State Supreme Court, County of Erie, alleging breach of contract, employment discrimination and retaliation. Defendants removed the action to this Court on July 31, 2009. Dispositive motions were resolved and the Clerk of Court was directed to close this case by Decision and Order filed on September 27, 2011. Since then, Plaintiff has filed two motions in the closed case, the second of which is presently before the Court. On March 28, 2014, Plaintiff requested that the case be reopened for the purpose of sealing this action in its entirety. (Docket No. 54).

2.      There is a presumption that Court documents are accessible to the public and "that a substantial showing is necessary to restrict access." Local Rules of Civil Procedure 5.3(a). Cases recognize the common-law right of access to judicial documents as a measure of accountability for federal courts. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). "Without monitoring, . . . the public could have no confidence in the

conscientiousness, reasonableness, or honesty of judicial proceedings." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Where the documents or statements at issue are of a type routinely filed by the court and generally accessible, the presumption of accessibility is stronger than where the documents or statements are unusual or of a type generally filed under seal. Id. at 1050. The weight of the presumption of accessibility must be balanced with any countervailing factors, such as the danger that disclosure will impair law enforcement, judicial efficiency, or the privacy interests of third-parties, promote scandal, or be used to gratify private spite. Id. at 1050-51.

There also exists a qualified First Amendment right to access certain judicial documents. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004). Where such a right exists, documents may be sealed only if the court makes specific, on the record findings demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987). Under both the common law and the First Amendment, the burden of demonstrating that a document or case should be sealed rests with the party seeking that relief. Amodeo, 71 F.3d at 1047.

3. A number of documents and pleadings previously were sealed in this case, at Plaintiff's request, on the ground they contained confidential information. Plaintiff now requests that this entire case be sealed, and also removed from PACER[1], based on his belief that he has been unable to obtain employment because "companies such as: FindACase and LAW.JUSTIA.COM" published on the internet information about a

---

1 The combination of PACER and the electronic case filing system makes plaintiff's case accessible to those with computer access and an account with the federal judiciary to access filings. Documents that are part of the publically-accessible record may be republished or discussed elsewhere.

different action he filed in this Court in 2010. (Docket No. 54 ¶ 1 Exh. A.)

4.	The documents that remain accessible in this case are the type that give rise to a strong presumption against sealing. The only concern Plaintiff has raised relates to a different action entirely, and so does not warrant sealing of this case.

5.	IT HEREBY IS ORDERED that Plaintiff's Motion to Seal (Docket No. 54) is DENIED;

FURTHER that Plaintiff is prohibited from filing any further motions in this closed case; and

FURTHER that the Clerk of Court shall not accept any further motions for filing in this closed case.

SO ORDERED.

Dated:	April 15, 2014
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
